UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**RUKIYA CRUMBLEY,**

    **Plaintiff,**

CASE NO.: 4:24-CV-

v.

**BLUECREW, LLC, and**
**BLUECREW STAFFING, INC.,**

    **Defendants.**
_____/

**COMPLAINT FOR FLSA OVERTIME**
**WAGE VIOLATION(S) AND RACE DISCRIMINATION**

Plaintiff, Rukiya Crumbley, through his undersigned counsel, sues Defendant, Bluecrew, LLC, and Defendant Bluecrew Staffing, Inc., for unpaid wages and overtime pay as follows:

**Parties, Jurisdiction, and Venue**

1. Plaintiff was and is a resident of Leon County, Florida, at all times material. Plaintiff was an hourly employee of the Defendant, as the term "employee" is defined by 29 U.S.C. §203(e). Plaintiff was a non-exempt employee of Defendant.

2. Defendant Bluecrew, LLC, is a foreign limited liability company that at all times pertinent hereto conducted and continues to conduct substantial business in Florida. Defendant Bluecrew Staffing, Inc., is a foreign corporation that at all times

pertinent hereto conducted and continues to conduct substantial business in Florida. Plaintiff alleges there has existed a unity of interest and ownership between Bluecrew, LLC and Bluecrew Staffing, Inc. such that one is the alter ego or corporate *nom de plume* for the other, and any individuality and separateness between the entities has ceased. All Defendants are collectively referred to herein as "Defendant."

3. Defendant was Plaintiff's employer(s), as the term "employer" is defined by 29 U.S.C. §203(d).

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this District, employed the Plaintiff in this District, and because most of the actions complained of occurring within this District.

5. This Court has original jurisdiction over Plaintiff's federal question claim pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, et seq.

## COUNT I
## CLAIM FOR UNPAID WAGES – FLSA

6. Paragraphs 1 through 5 are incorporated herein by reference. This is an action under the federal Fair Labor Standards Act.

7. Defendant regularly employed two or more employees for the relevant time that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered by the Fair Labor Standards Act.

8. Defendant engaged in interstate commerce in its performance of its

business activities.

9. Defendant, engaged in interstate commerce through its operations and dealings, including paying personnel working in Florida.

10. Defendants utilized computers, telephones, phone systems, computers, computer networking equipment, computer software, vehicles, paper, printer and copier toner, and other materials and supplies to engage in interstate commerce.

11. Defendants' annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 for the relevant time and/or exceeded $125,000 for each relevant fiscal quarter.

## FACTUAL ALLEGATIONS PERTINENT TO THE CLAIMS

12. Defendant agreed to pay Plaintiff an hourly rate of pay of $17.00 and then arranged for Plaintiff to be directed and controlled in his daily work by Defendant. Plaintiff was subject to the payroll practices and procedures of Defendant.

### Allegations Concerning Plaintiff's Work

13. Plaintiff worked for Defendant from late August 2024 until early or mid-September 2024. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, and the exact hours she worked, such records are in the exclusive custody of Defendant.

14. Plaintiff's work for Defendant was in or so closely related to, the movement of commerce that the Fair Labor Standards Act applies to Plaintiff's work

for Defendant. Plaintiff worked at Doak Campbell Stadium as a prep cook within this District. The goods and services used by Plaintiff and Defendant were made in multiple states and served a customer base that included clients and customers from multiple states.

15. Plaintiff utilized the tools, materials, and supplies provided to him by Defendant.

## Liability Allegations

16. Defendant contracted to pay Plaintiff at a rate of $17.00 per hour for each hour that she worked. Defendant assigned Plaintiff to perform work for and at the direction of Defendant.

17. On Plaintiff's final day of work, Plaintiff worked ten hours and properly reported this time worked. However, Defendant locked Plaintiff out of the digital application or app Plaintiff used and suddenly required a personal identification code (PIN code) that it has never previously required. As a result, Plaintiff could not access the app. Defendant then falsely accused Plaintiff of failing to report to work at all on September 14, 2024, and refused to pay her wages for time worked. But this accusation is false. Plaintiff reported, along with other Bluecrew-employed staff that the sudden requirement of a PIN code to report hours prevented them from reporting their hours through the app. To ensure their hours were timely reported, Plaintiff and other employees of Defendant reported the hours worked to their on-site supervisors,

who told them the hours would be reported to Bluecrew.

18. Because of concerns that Defendant would fail to pay her, Plaintiff also took a photograph of her paper time record, which also displays location information about where and when the screenshot was taken:



19. Bluecrew's failure to pay Plaintiff wages for time worked violated the FLSA.

20. Defendant engaged in a practice of willfully and intentionally refusing to pay Plaintiff wages for all the hours that she worked. Upon information and belief, Defendant engages in one or more practices that are intended to deprive, and do deprive, employees of compensation for all hours worked. The sudden use of a PIN code is one such stratagem.

21. Defendant either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiff wages violated the FLSA and then failed to timely correct their violation.

22. Plaintiff is entitled to a back pay award of wages for all hours worked, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

23. All conditions precedent were satisfied by Plaintiff and/or waived by Defendants.

24. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

WHEREFORE Plaintiff, demands the entry of a judgment in his favor and in favor and against Defendant, after trial by jury, and as follows:

(a) Awarding Plaintiff unpaid overtime wages and an additional equal amount as liquidated damages, pursuant to 29 U.S.C. § 216(b);

(b) Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 et seq.;

(c) Issuing an injunction prohibiting Defendants from continued unlawful practices, policies and patterns set forth herein;

(d) Awarding pre-judgment and post-judgment interest as provided by law;

(e) Awarding reasonable attorneys' fees and costs;

(f) Declaring Defendants to be in willful violation of the overtime wage provisions of the FLSA; and

(g) Awarding such other and further relief that this Court deems appropriate.

## COUNT II
## RACE DISCRIMINATION
## CIVIL RIGHTS ACT OF 1866

25. Plaintiff realleges the first sentence of paragraph 1; paragraph 2; paragraph 4; and paragraph 5. This is an action for race discrimination pursuant to 42 U.S.C. §1981, et seq., as amended, and its applicable provisions for damages and other relief. No administrative exhaustion is required for this claim.

26. Plaintiff is a Black female. Plaintiff is a member of a protected class because of her race. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Plaintiff has satisfied all conditions precedent to bringing this action, and this action is timely brought thereafter.

27. Plaintiff, along with the other Black and Hispanic Bluecrew employees at the Doak Campbell Stadium work location were all locked out of the app when

attempting to report hours after the end of their shift, and were forced to verbally report hours or to report them on makeshift pieces of paper to local supervisors. On further information and belief, no White Bluecrew employee placed on assignment at the Doak Campbell location experienced the same theft of wages, specifically by being denied access to the app to report hours and then being accused of time theft, being denied pay, and then being banned them from the digital app, preventing such employees from contacting the company or from recovering the unpaid wages short of hiring counsel.

28. Plaintiff has been the victim of discrimination on the basis of Plaintiff's race in that Plaintiff was treated differently than similarly situated employees of Defendant who are not Black and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's race.

29. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated

and facilitated the denial of payment of wages for all hours worked.

30. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

31. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's termination, banning from the app used by Defendant to offer employment, and denial of pay for all hours worked.

32. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of 42 U.S.C. 1981, as amended.

33. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

DATED 14th day of October 2024.

        Respectfully submitted,

        /s/ Marie A. Mattox
        Marie A. Mattox [FBN 0739685]
        MARIE A. MATTOX, P. A.
        203 North Gadsden Street
        Tallahassee, FL 32301
        Telephone: (850) 383-4800
        Marie@mattoxlaw.com
        Secondary emails:
        marlene@mattoxlaw.com
        michelle@mattoxlaw.com

        **ATTORNEYS FOR PLAINTIFF**